|   |   |   |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| CHASE COWART, #20801-078 | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 4:16CV364 |
| | § | CRIMINAL ACTION NO. 4:12CR263(4) |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Magistrate Judge issued a Report and Recommendation (Dkt. #7), which contains proposed findings of fact and recommendations for the disposition of Movant's § 2255 motion (Dkt. #1). Movant filed timely objections. In his objections, Movant argues the Report and Recommendation failed to recognize Movant argues the one-year statute of limitations began to run on July 17, 2015, when Movant was paroled to federal custody and first discovered he had received no federal credit for the time spent in federal pre-trial custody. *See* Dkt. 8 at 2-3. Movant alleges the Report and Recommendation did not address this issue.

After a *de novo* review of the record and considering the Report and Recommendation and the Movant's objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. In his § 2255 motion, Movant states he was placed in custody by state authorities, and a hold was placed on Movant's parole. *See* Dkt. #1-1 at 1. Subsequently, pursuant to a Writ of Habeas Corpus *ad Prosequendum*, Movant states that he was under the temporary custody of the United States to complete the criminal proceedings against Movant in federal court. *Id.* (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)). Stated differently, Movant was in state custody, who held primary jurisdiction over Movant, when the United State "borrowed" Movant for temporary

custody during the duration of the federal criminal proceedings. Thus, when Movant was placed in temporary federal custody, he was currently serving his sentence under state custody despite technically being in pre-trial custody in the federal jurisdiction. Therefore, when the Court admonished Movant that his sentence would be served consecutively to his state sentence, he was aware that the period of time Movant was in temporary federal custody would not be credited against his federal sentence, as he was in the process of serving the state sentence. *See United States v. Seelye*, 2014 U.S. Dist. LEXIS 21357, *3-6 (D. Minn. Feb. 19, 2014) (finding that prisoner is not eligible to receive pre-trial credit against his federal sentence, despite being in temporary federal custody pursuant to a writ of habeas corpus ad prosequendum, until the state sentence expires); *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994) ("'Issuance of [a] writ of habeas corpus ad prosequendum does not alter [the defendant's] custody status. It merely changes the location of his custody for the sentence he was already serving.'").

It is accordingly **ORDERED** Movant's motion to vacate, set aside, or correct sentence (Dkt. #1) is **DENIED** and the case **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

SIGNED at Beaumont, Texas, this 5th day of March, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE